

**NUMBER 13-15-00135-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**RONNIE MCMULLEN
A/K/A RONNIE BARNES,**                                     **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                               **Appellee.**

---

### On appeal from the 347th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Longoria
### Memorandum Opinion by Justice Longoria

Appellant, Ronnie McMullen a/k/a Ronnie Barnes, entered an open plea of guilty to a two-count indictment charging him with the offenses of theft (Count 1) and bribery (Count 2). *See* TEX. PENAL CODE ANN. §§ 31.02(a), 36.02(a) (West, Westlaw through Chapter 46, 2015 R.S.). Following a hearing, the trial court assessed punishment at two

years' imprisonment for Count 1 and eight years' imprisonment for Count 2. The trial court ordered the sentences to run concurrently. As discussed below, appellant's court-appointed counsel has filed a motion to withdraw accompanied by an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment.[1] Counsel has informed this Court, in writing, that counsel

---

[1] Counsel informed us that he specifically considered whether: (1) the indictment was sufficient; (2) there were any adverse pretrial rulings; (3) the trial court complied with *Padilla v. Kentucky*, 559 U.S. 356, 359 (2010) and article 26.13 of the Texas Code of Criminal Procedure; (4) there was an issue of appellant's competency raised in the trial court; (5) appellant's plea was voluntary; (6) there were any adverse rulings during the sentencing phase; (7) the record reflected fundamental error; (8) the sentence imposed by the trial court was within the range authorized by law; (9) the written judgment accurately reduced the oral pronouncement of sentence to writing; (10) the evidence was sufficient to support the plea; and (11) appellant's trial counsel provided effective assistance, but concluded that there were no arguable issues that could form the basis of an appeal.

has:  (1) notified the appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided the appellant with copies of both pleadings; (3) informed the appellant of his rights to file a pro se response,[2] review the record preparatory to filing that response, and seek discretionary review if the Court concludes that the appeal is frivolous; and (4) provided the appellant with a form motion for pro se access to the appellate record, lacking only the appellant's signature and the date and including the mailing address for the court of appeals, with instructions to file the motion within ten days.  *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  More than an adequate time has passed, and appellant has not filed a pro se motion for access to the appellate record or a motion of extension of time to do so.  No pro se response has been filed.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio,* 488 U.S. 75, 80 (1988).  We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. We accordingly affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of July, 2015.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.